## WISNER and others *vs.* DODD.

*(Circuit Court, S. D. Ohio.   May, 1880.)*

RE-ISSUED PATENT No. 7,988.—Re-issued patent No. 7,988, granted to Wisner, as the assignee of J. H. Shireman, for an improvement in self-dumping horse hay rakes, sustained, and *held* to be infringed by the respondent.

Final hearing on pleadings and proofs. Bill in equity on patent for an "improvement in horse hay rakes," granted to J. H. Shireman, October 8, 1867, and re-issued to J. E. Wisner, as his assignee, December 11, 1877.

*Wood & Boyd* and *L. Hill,* for complainants.

*Hatch & Stem* and *George Harding,* for respondent.

SWAYNE, C. J. I have considered this case as far as my time would permit, and far enough and thoroughly enough to satisfy myself entirely as to the rights of the parties in interest.

I entertain no doubt, without going into the details, for I have not had time to do that—I entertain no doubt that Shireman was the first and original inventor, and first to use the

12*

ratchets and pawls and the revolving axle, in combination with the lifting wheel adapted for horse-rake purposes, and with the rake head, rake teeth and other auxiliaries of the horse-rake, in combination with these elements of the machine, and that that combination was not contained in any prior machine.

I think, also, that the *prima facie* proof, which the issuing of the patent itself affords, is to the point that the instrument thus made by that combination is one of much more than patentable utility. I think that there is much more than the element of mere patentable invention in it. I am inclined to think, from the testimony, that the combination is not only new, but that the result is a machine of very considerable value in the useful arts that relate to agriculture. I therefore feel constrained to find in favor of the complainants.

I may also state, and I could not give such an opinion without coming to the further conclusion that I am about to announce, that under the circumstances of the case, and upon the facts disclosed by the record, the patent as re-issued is not, in fact, broader than is warranted by the prior patent of 1867.

Upon both grounds my judgment is with the complainants, and there being no serious controversy as to the infringement by the defendant, a decree will be made accordingly.